[No. 17896. Department Two. September 11, 1923.]

# In the Matter of the Determination of the Rights to the Use of the Waters of McFarlane Creek in Okanogan County.

## MORGAN WILLIAMS et al., Appellants, v. THEODORE MILLS et al., Respondents.[1]

EVIDENCE (165)—PAROL TO VARY WRITING—EVIDENCE FOR OTHER PURPOSE. Upon an issue as to the right to waters, it is not objectionable, as varying the terms of the deed of the land and water, to admit evidence of conversations respecting ditches which was received for the purpose of showing that the conveyance was taken with knowledge of another's claim of right.

WATERS (97)—IRRIGATION—ACTIONS TO DETERMINE RIGHTS—EXCEPTIONS TO REPORT—TIME FOR FILING. In a contest over water rights, it is discretionary to allow exceptions to the referee's findings to be filed after the expiration of the five days prescribed by Rem. Comp. Stat., § 7373.

SAME (97)—ACTIONS TO DETERMINE RIGHTS—DECREE—ACQUIESCENCE IN USE. A decree making the water rights of adverse parties equal in rank, except as to quantity, is not erroneous because of the posting of a notice of appropriation for all the water of a stream by the grantor of one of the parties, before the initiation of any rights on the part of the grantor of the other party, it appearing that the posting of the notice was consented to by the other grantor, who likewise consented to and aided in the construction of a ditch through which their respective waters were allowed to commingle and flow for their common benefit, and that they and their grantees acquiesced therein for a period of nearly 20 years (PEMBERTON, J., dissents).

SAME (97)—ACTIONS TO DETERMINE RIGHTS—ISSUES—RIGHT TO EASEMENT. Upon the consolidation of a proceeding to determine water rights under the water code and a pending civil action for the determination of the water rights as well as easement rights, it is not error to determine the easement rights, although the water code may not make direct provision therefor.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered November 16, 1922, upon findings in favor of the defendants, in an action to determine water rights. Affirmed.

[1]Reported in 218 Pac. 248.

*Johnson & O'Connor,* for appellants.

*P. D. Smith,* for respondents.

PARKER, J.—This is an appeal by Morgan Williams
and wife from a decree of the superior court for
Okanogan county rendered in this proceeding under
our water code, ch. 117, Laws of 1917, p. 447 (Rem.
Comp. Stat., § 7351 *et seq.*) [P. C. § 7203], determin-
ing the rights to the use of the water of McFarlane
Creek, in that county, in so far as that decree awards,
as against them, to Theodore Mills and wife, a portion
of such water and rights in a certain ditch through
which it flows over the land of Williams and wife.

The particular controversy with which we are here
concerned first came into the superior court for
Okanogan county in the form of an ordinary civil ac-
tion, instituted by Mills and wife against Williams
and wife, seeking the determination of their respective
rights which were adjudicated by this decree.   That
action proceeded to trial in May, 1920.   Upon the con-
clusion of the introduction of the evidence therein, the
trial judge indicated his view that the water rights
along the whole of the creek should be adjudicated,
and, in the meantime, that he should withhold his de-
cision of that case.   Thereafter, in pursuance of this
suggestion by the court and our water code, a petition
of certain of the claimants was filed in the superior
court under our water code, asking an adjudication of
the respective water rights of all owners of land tribu-
tary to the creek.   Thereupon the state hydraulic engi-
neer made an investigation, and filed in the cause his
statement of facts stating the conditions as he viewed
them.   Thereupon there was issued a summons in the
proceeding, bringing into it all claimants to the water.
Thereupon Mills and wife and Williams and wife, and

others, filed in the proceeding their respective statements of their several claims to the water.

Thereupon an order of reference was made by the court, referring the matter to the state hydraulic engineer for the purpose of taking evidence and reporting the same to the court, together with his conclusions with reference thereto. Thereupon evidence was taken by the hydraulic engineer, all parties interested being given opportunity to present evidence in support of their respective claims. The evidence taken in the former case of Theodore Mills and wife against Morgan Williams and wife, which was still undisposed of, having been reduced to writing, was, by agreement of counsel, introduced as part of the evidence before the referee in this proceeding, to be considered in determining the rights of the parties to that action as between themselves.

The trial court having consolidated that action with this proceeding for final disposition, and the referee having reported all of the evidence to the court, together with his conclusions touching the rights of the respective parties, the matter came on for final disposition before the court, following the filing of exceptions thereto by Mills and wife. In the report of the referee, he states his conclusion that Williams and wife are entitled to 38.2 inches of water under four-inch pressure, and that Mills and wife are entitled to six inches of water under four-inch pressure. He also places Williams and wife in Class I, and Mills and wife in a lower class, meaning that Williams and wife's right should be fully satisfied before Mills and wife are entitled to have their right satisfied. The trial court confirmed the report of the referee, except it placed the water rights of Williams and wife and Mills and wife upon an equal basis; that is, placed

Mills and wife in Class I with Williams and wife, meaning that the water rights of each should be of equal rank, and that the respective amounts awarded them should be satisfied pro rata, if both could not be fully satisfied.   The decree further provides:

"Morgan Williams and wife and Theo Mills and wife, shall and are hereby decreed to be together the owners of Forty-four and two-tenths (44 2-10) miners inches of the water of said McFarlane Creek  .  .  . to be carried through the present ditch known as the Morgan Williams ditch or any improvement or replacement thereof, but no improvement or replacement shall be made which shall prevent or interfere with the defendants Mills and wife in receiving the water herein decreed to them.   And the said defendants Morgan Williams and wife shall not use the waters of said creek in any manner that will prevent the said defendants, Theo. Mills and wife from receiving at their lands the full amount of water herein decreed to them, but in case of a shortage of water in said creek, the defendants Morgan Williams and wife, and Theo. Mills and wife, as between themselves shall bear such shortage ratably according to the respective ownerships therein as herein decreed.

"And it is further ordered, adjudged and decreed that the defendants Morgan Williams and wife and Theo. Mills and wife shall each bear the expenses of repair, improvements and maintenance of said Williams ditch in proportion to their said interests in the use of water through the same as herein decreed from the intake thereof to a point opposite the present dwelling house on the said Williams land and from that point to the lands of the said defendants Theo. Mills and wife, such expenses of improvements, maintenance and repairs, shall be paid on a basis of Three-fourths by the defendants Morgan Williams and wife and One-fourth by the defendants Theo. Mills and wife."

Thus adjudicating not only the respective rights of Williams and wife, and Mills and wife, to the water,

but also to the ditch, and their respective burdens in the maintenance thereof.

It is first contended in behalf of Williams and wife that the court erred in admitting certain conversations between McKinnon and Williams, his grantee of both the land and water, of 1901, shortly prior to those conveyances, touching the right of Rowland, Mills' grantor, to certain portions of the water in question. It appears that Rowland had, before that time, filed upon a spring upon McKinnon's land which now belongs to Williams; this, with the consent of McKinnon; that Rowland had constructed from this spring a ditch to the main ditch on McKinnon's land; that he assisted McKinnon in the construction of this main ditch; that he constructed a considerable portion of it himself, some 500 feet or more, over McKinnon's land with his consent, lower down, for the express purpose of conveying water on to his, Rowland's, land which adjoined McKinnon's land down stream; Rowland's land being now owned by Mills. The argument against the introduction of this testimony is that such conversations could not be used to vary the terms of the conveyances of the land and water from McKinnon to Williams, which are in form absolute, purporting to convey the whole of both the land and water. It seems to us that this is of no consequence in view of the purpose of the testimony; it manifestly being for the purpose of showing that Williams took the conveyance with knowledge of Rowland's claim of right to the water. It seems plain to us that there was no error in receiving this testimony.

It is contended that the trial court erred in permitting Mills and wife to file exceptions to the referee's report after the expiration of the five days prescribed by § 7373, Rem. Comp. Stat., [P. C. § 7225]. This, it

seems to us, was wholly a matter of discretion on the part of the trial court. The question, we think, is akin to that of allowing a party to plead any time before trial. That section, among other things, provides:

"If no exceptions be filed, the court shall enter a decree determining the rights of the parties according to the evidence and the report of the state hydraulic engineer, whether such parties have appeared therein or not. If exceptions are filed the action shall proceed as in case of reference of a suit in equity and the court may in its discretion take further evidence or, if necessary, remand the case for such further evidence to be taken by the state hydraulic engineer, and may require further report by him."

This, it seems to us, renders it plain that the referee's conclusions stated in his report as to the rights of the respective parties are not binding upon the court, even though no exceptions be filed thereto. We are of the opinion that the court did not err or abuse its discretion in allowing the exceptions to be filed by Mills and wife after the expiration of the five days specified for the filing of the same.

It is contended that the trial court erred in placing Mills and wife in Class I with Williams and wife; that is, in making their respective water rights of equal rank, except as to quantity. This claim in behalf of Williams and wife rests upon the posting of the first water appropriation notice for all the water of the stream by McKinnon, their grantor, before the initiation of any rights on the part of Rowland. If this were the sole test, there might be some substantial ground for this contention made in behalf of Williams and wife to rest upon; but the evidence, we think, warrants the conclusion, as it was evidently entertained by the trial court, that Rowland filed on the spring

upon McKinnon's land with the consent of McKinnon; that the ditches were constructed as we have above indicated; and that their respective waters were commingled and allowed to flow down the main ditch for their common benefit, all parties, that is, McKinnon and Williams and wife, his successors, and Rowland and Mills and wife, his successors, acquiescing in this, covering a period approaching in all nearly twenty years. At the time Williams and wife purchased of McKinnon, as we have seen, they were advised of Rowland's claim of right in this behalf, and we think the trial court was fully warranted in viewing them as acquiescing therein during the many years following until near the beginning of the action in the superior court by Mills and wife against Williams and wife above noticed. We do not see our way clear to disturb the decree of the trial court touching this branch of the case.

It is contended that the trial court erred in determining that Mills and wife had any right in the ditch as a right of way for the conveying of their water over the land of Williams and wife. What we have already said seems to dispose of this question, in so far as the right of easement thus possessed by Mills and wife is concerned. But the principal contention made in this behalf by counsel for Williams and wife is that the court had no jurisdiction to determine that question in this proceeding; the argument being that the statute providing for this general proceeding does not authorize the determination therein of any easement rights or any property rights other than the bare right to water. A reading of the water code may seem to furnish some ground for such a contention. However, we leave that question undecided. We have seen that, at the time of the commencement of this general pro-

ceeding, there had been fully tried and was pending, for the purpose of rendering a final judgment therein, a civil action between Mills and wife and Williams and wife, looking to the determination of, not only their water rights, but also the easement rights of Mills and wife in the ditch over the Williams' land. Now, the record before us does not positively advise us of the exact manner in which that action and this general proceeding were consolidated, but counsel for Mills and wife assert in their brief that they were consolidated, and this assertion is not denied by counsel for Williams and wife. Besides, the portion of the record in this · proceeding before us seems to inferentially show such fact. We assume then that such is the fact. Therefore, there was before the court for determination the question of the easement rights of Mills and wife in the ditch carrying their water over the Williams' land, as well as the question of the respective water rights of the parties. We conclude that the trial court had jurisdiction to determine the easement rights of Mills and wife in the ditch carrying their water over the Williams' land, as well as the respective water rights of the parties.

Some other contentions are made in behalf of Williams and wife, but we think they are sufficiently disposed of by what we have already said.

The decree is affirmed.

MAIN, C. J., FULLERTON, and TOLMAN, JJ., concur.

PEMBERTON, J. (dissenting)—I dissent. The court erred in placing respondents in class 1. The report of the hydraulic engineer should have been affirmed.